UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
JOSEPH GIBBONS,

                Plaintiff,

      -against-

THE COUNTY OF SUFFOLK, and
RICHARD DORMER, in his official and
individual capacity,

            Defendants.
----------------------------------------------X

MEMORANDUM AND ORDER

CV 10-4938

(Wexler, J.)

APPEARANCES:

    LEEDS, MORELLI & BROWN, P.C.
    BY: THOMAS RICOTTA, ESQ.
    Attorneys for Plaintiff
    One Old Country Road, Suite 347
    Carle Place, New York 11514

    CHRISTINE MALAFI, ESQ.
    SUFFOLK COUNTY ATTORNEY
    BY: RUDOLPH M. BAPTISTE, ESQ.
    Attorneys for Defendants
    100 Veterans Memorial Highway, 5th Floor
    P.O. Box 6100
    Hauppauge, New York 11788-0099

WEXLER, District Judge

    Plaintiff Joseph Gibbons ("Plaintiff") is a male police officer who commenced this action alleging gender discrimination in employment. Plaintiff sets forth claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 (Title VII") and 42 U.S.C. § 1983 ("Section 1983"). Named as Defendants are Plaintiff's employer, the County of Suffolk (the "County"), and Richard Dormer, the Suffolk County Police Commissioner ("Dormer").

Plaintiff alleges claims of discrimination and retaliation. The former claim alleges that Plaintiff was improperly denied a promotion to the rank of lieutenant in favor of a less qualified female applicant. The latter claim alleges that an Internal Affairs Investigation was wrongfully commenced against Plaintiff in retaliation for hiring of an attorney to press his claim of discrimination. Presently before the court is Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint.

## BACKGROUND

### I. The Parties and the Allegations of the Complaint

The facts set forth below are drawn from Plaintiff's complaint, and are taken as true for the purpose of this motion.

As noted, Plaintiff was employed by the Defendant County. At the time of the allegations set forth in the complaint, Plaintiff was a Suffolk County police sergeant. He remains in the employ of the County. In September of 2008, Plaintiff took the police department lieutenant examination. The results of that exam were released in March of 2009, and Plaintiff thereafter learned that he scored 103.84. Plaintiff's score was the fifth highest score achieved among all test-takers.

Plaintiff's complaint references a June 1, 2009 agreement between the County and the Suffolk County Superior Officers Association, an organization of which Plaintiff is a member. Pursuant to that agreement, the County agreed to promote five police sergeants to the rank of lieutenant. On June 11, 2009, five sergeants were so promoted. Despite the fact that Plaintiff achieved the fifth highest score on the lieutenant examination, he was not promoted. Instead, according to Plaintiff, a female sergeant with a lower score was promoted. It is Plaintiff's

2

allegation that the lower scoring female sergeant, who was the only woman to score in the top ten test-takers, had a less impressive record than Plaintiff, and was promoted only because of her gender.

After being passed over for promotion, Gibbons states that he was informed by his commanding officer, Inspector Mojica, that it was Dormer who made the decision to pass Plaintiff over for promotion. Plaintiff further states that he was informed by Mojica that Dormer refused to give a reason for the decision, stating only "that's just the way it is." Plaintiff thereafter made a written request to meet with Dormer. He alleges that he never received any response to that request.

Later in June of 2009, Plaintiff retained the law firm that appears on his behalf in this matter. A letter setting forth that representation, and alleging a claim of gender discrimination, was sent to Dormer and to the police department. Approximately three months later, Plaintiff was notified that he was the subject of an internal investigation, and was being charged with violation of an internal paperwork rule contained in the Suffolk County Police Department Rules and Procedures.

Plaintiff's complaint alleges broadly that Defendants' actions violated Plaintiff's Title VII rights as well as his rights pursuant to the First and Fourteenth Amendments to the United States Constitution.

III.  The Motion

Defendants move to dismiss the complaint in its entirety. Specifically, it is alleged that the bare allegation that Plaintiff was passed over in favor of a less qualified woman in insufficient to state a claim for gender discrimination. Dismissal of the First Amendment claim

is sought on the ground that Plaintiff engaged in no protected speech. Any claims pursuant to the Due Process Clause of the Fourteenth Amendment are also sought to be dismissed. With respect to those claims, it is argued that Plaintiff did not possess a property interest in a promotion sufficient to state a procedural due process claim, and no facts alleged support the type of conduct necessary to state a substantive due process claim. Defendants seek dismissal of any claim alleged pursuant to a "class of one" Equal Protection violation on the ground that no such claim can be stated by a public employee. Dismissal of any municipal liability claim is sought on the ground that Plaintiff can show no unconstitutional custom or policy. Finally, as to Dormer, the "official capacity" claim is argued to be redundant, and any other claim is argued to subject to a qualified immunity defense.

## DISCUSSION

I. Standard for Motion to Dismiss

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 547, see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

While heightened factual pleading is not the new order of the day, Twombly holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Twombly, 550 U.S. at 547. In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. A pleading that does nothing more that recite facts and bare legal conclusions is insufficient to "unlock the doors of discovery . . . and only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. 662, 129 S. Ct. at 1950. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing the action. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852 *2.

II.     Disposition of the Motion

    A.     Abandoned Claims

Several grounds set forth in the Defendants' motion have been conceded by Plaintiff. Thus, Plaintiff agrees to dismissal of any First Amendment and Procedural and/or Substantive Due Process Claims. Plaintiff also concedes that as a public employee he can state no Equal Protection claim pursuant to a "class of one" theory of discrimination. Although not expressly conceded, Plaintiff offers no argument in support of any "official capacity" claim against Dormer. In any event, it is clear that any such claim must be dismissed. Claims against county

officials in their "official" or "professional" capacities are identical to claims brought against the governmental entity itself. Orange v. County of Suffolk, 830 F. Supp. 701, 706-07 (E.D.N.Y. 1993); see Wallikas v. Harder, 67 F. Supp.2d 82, 83-84 (N.D.N.Y. 1999). Where, as here, the entity is named, it is redundant to allow the lawsuit to continue against individuals in their official capacities. Orange, 830 F. Supp. at 706-07. Accordingly, the court dismisses the official capacity claim against Defendant Dormer.

B. Remaining Claims

The only claims that remain are Plaintiff's Title VII claims for gender discrimination and retaliation, and his parallel claims pursuant to Section 1983. Defendants seek dismissal of these claims on the grounds that Plaintiff properly alleges neither the County's municipal liability, nor Dormer's personal liability. As to these arguments, the court, for the reasons set forth below, denies the motions to dismiss.

1. Equal Protection

Plaintiff's Section 1983 equal protection claim alleges discrimination, not pursuant to a "class of one" theory, but only pursuant to a disparate treatment theory, i.e., that his public employer treated similarly situated employees differently on account of gender. Such a claim states a valid cause of action, and will not be dismissed. See Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006); Fox v. County of Yates, 2010 WL 4616665 *9 (W.D.N.Y. 2010); Doe v. City of New York, 2009 WL 7295358 *7 (E.D.N.Y. 2009).

2. Municipal Liability

To impose civil rights liability upon a municipality, a plaintiff must prove that the deprivation of constitutional rights was caused by a municipal "policy" or "custom." Wimmer v.

Suffolk County Police Dep't., 176 F.3d 125, 137 (2d Cir. 1999); see Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). To establish the liability of a municipality such as Suffolk County, Plaintiff must show that "deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 400 (1997), quoting, Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978). Thus, Plaintiff must show that municipal action was taken with "the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bryan County, 520 U.S. at 404.

Where a plaintiff claims that the municipality has caused an employer to make decisions depriving plaintiff of his Constitutional rights, "rigorous standards of culpability and causation must be applied" to ensure that liability is not imposed simply upon a respondeat superior theory. Brown, 436 U.S. at 415. Continuing adherence to an approach that consistently results in unconstitutional acts by employees may establish such deliberate indifference as to trigger municipal liability. On the other hand, proof only of a one-time negligent administration of a program cannot be relied upon to establish municipal liability. Id. at 407-08. See also Neighbour v. Covert, 68 F.3d 1508, 1512 (2d Cir. 1995) (only a municipality's failure to train that evidences a "deliberate indifference" to the rights of individuals can the action be a policy or custom sufficient to impose Section 1983 liability), quoting, Canton v. Harris, 489 U.S. 378, 389 (1989).

While Monell and the principles set forth above ultimately require Plaintiff to prove his case with evidence beyond a respondeat theory of liability, the court cannot say, at this stage, that the theory of liability is implausible. The court therefore declines to dismiss the claim of

7

municipal liability at this time.

3. Liability of Dormer

Dormer seeks dismissal on the grounds that he was not personally involved in the challenged employment action and on the ground of qualified immunity. It is well-established that there is no individual liability under Title VII, and Plaintiff does not argue to the contrary. As to Section 1983, individual liability will apply only if Plaintiff can show Dormer's personal involvement in the deprivation of a Constitutional right. DeLong v. Soufiane, 2010 WL 234781 *5 (E.D.N.Y. 2010); see Goodwine v. Connecticut Dept. of Children and Families, 2011 WL 130345 *14 (D. Conn. 2011) (analysis for Title VII and Section 1983 discrimination claims is similar "the difference being that a § 1983 claim ... can be brought against individuals") (citing Demoret, 451 F.3d at 149).

Personal involvement necessary to impose individual liability includes situations where the individual: "(1) directly participated in the violation, (2) failed to remedy the violation after being informed of it by report or appeal, (3) created a policy or custom under which the violation occurred, (4) was grossly negligent in supervising subordinates who committed the violation, or (5) was deliberately indifferent to the rights of others by failing to act on information that constitutional rights were being violated." Iqbal v. Hasty, 490 F.3d 143, 152-53 (2d Cir. 2007). The complaint alleges personal involvement that is sufficient to survive a motion to dismiss.

It is similarly too early to determine whether Dormer, even if personally involved, is entitled to the defense of qualified immunity. Qualified immunity bars an action against a government official where the conduct alleged "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Zellner v. Summerlin,

8

494 F.3d 344, 367 (2d Cir. 2007), quoting, Harlow v. Fitzgerald, 457 U.S. 800. 818 (1982). Qualified immunity applies if the court holds that no reasonable jury could conclude that it was objectively unreasonable for the defendant to believe that his actions did not violate a clearly established right. Danahy v. Buscaglia, 134 F.3d 1185, 1190 (2d Cir. 1998); Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995). Stated differently, "if the court determines that the only conclusion a reasonable jury could reach is that reasonable [officials] would disagree about the legality of the defendant's conduct" summary judgment in their favor is appropriate. Luessenhop v. Clinton County, 2007 WL 1063650 *6 (N.D.N.Y. 2007). Such a finding may be proper prior to trial, but the court can make no such finding at this time.

## CONCLUSION

For the foregoing reasons, the court dismisses Plaintiff's Section 1983 claims pursuant to the First Amendment and the Due Process Clause of the Fourteenth Amendment. The court also dismisses any official capacity claim against Defendant Dormer. Defendant's motion to dismiss is otherwise denied. The Clerk of the Court is directed to terminate the motion to dismiss and the parties are directed to adhere to the discovery schedule set by the assigned Magistrate Judge.

SO ORDERED

s/Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
December 12, 2011

9