UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSEPH GIBBONS,

        Plaintiff,

    -against-

THE COUNTY OF SUFFOLK and
COMMISSIONER RICHARD DORMER,
in his official capacity and individual capacity,

        Defendants.
---------------------------------------------------------------X

MEMORANDUM AND ORDER

10-CV-4938

(Wexler, J.)

**FILED**
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★    MAY 03 2013    ★

**LONG ISLAND OFFICE**

APPEARANCES:

LEEDS BROWN LAW, P.C.
By: Thomas Ricotta, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514
Attorneys for Plaintiff

PAUL J. MARGIOTTA
Acting Suffolk County Attorney
By: Rudolph M. Baptiste, Esq.
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788-0099
Attorney for Defendants

WEXLER, District Judge:

       In this action, Plaintiff Joseph Gibbons ("Gibbons"), a member of the Suffolk County Police Department, claims gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. Specifically, he alleges that a female candidate was promoted to lieutenant over him, despite that he was higher on the list of eligible candidates. Plaintiff further alleges that the Defendants, the County of Suffolk ("Suffolk") and Commissioner Richard Dormer ("Dormer") (collectively, the "Defendants"), retaliated against him after he claimed

gender discrimination, alleging that he then became the subject of an internal investigation. Defendants claim that gender played no role in the promotion of the female candidate, that the internal investigation preceded Plaintiff's claim of discrimination, and indeed was the reason he was not promoted. Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The standards for summary judgment are well settled. Rule 56(a) of the Federal Rules of Civil Procedure, states that summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); Mihalik v. Credit Agricole Cheuvreux North America, Inc., 2013 WL 1776643 (2d Cir. 2013). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. ... There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party... If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-250 (1986) (citations omitted).

The court has reviewed the parties' submissions and concludes that issues of material fact preclude summary judgment. Various issues of material fact exist, including, *inter alia,* whether

Plaintiff was more qualified than the female candidate who was promoted, what factors were typically considered in making such promotions and whether that process was followed in this instance, and the nature and timing of the internal investigation both before and after Plaintiff made a claim of discrimination through his attorneys. Accordingly, Defendants' motion for summary judgment is denied. See Fed. R. Civ. P. 56(a) (a party seeking summary judgment must demonstrate that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Mihalik v. Credit Agricole Cheuvreux North America, Inc., 2013 WL 1776643 (2d Cir. 2013).

As previously ordered, jury selection for the trial of this matter is scheduled for June 3, 2013 at 9 a.m.

SO ORDERED.

s/ Leonard D. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 3, 2013